UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JONATHAN OLIVER TONYAN, <br><br> Plaintiff, <br> v. <br><br> TYLER KIREJRCYK, KYHEIM OUTLAW, MICHAEL MAYER, and RACINE CORRECTIONAL INSTITUTION, <br><br> Defendants. | Case No. 24-CV-1373-JPS <br><br><br> ORDER |

Plaintiff Jonathan Oliver Tonyan, an inmate confined at Racine Correctional Institute, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee and screens his complaint.

1. **MOTIONS FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 14, 2024, the Court ordered Plaintiff to pay an initial partial filing fee of $5.21. Plaintiff paid that fee on December 17, 2024. The

Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee. ECF No. 3. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order. The Court will deny as moot Plaintiff's second motion for leave to proceed without prepaying the filing fee. ECF No. 7.

2. SCREENING THE COMPLAINT

    2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that he was in the dayroom playing cards with two other inmates on June 2, 2024. ECF No. 1 at 2. One of the inmates, Defendant Tyler Kirejrcyk ("Kirejrcyk") got mad at Plaintiff and punched him in the nose and caused Plaintiff to bleed. *Id.* at 2–3. Plaintiff did nothing wrong. *Id.* at 3. Approximately five to ten minutes after Plaintiff's nose stopped bleeding, Plaintiff asked Defendant Kyheim Outlaw ("Outlaw") for medical help. *Id.* Outlaw told Plaintiff he would have to wait until Monday, but that never happened. *Id.* Outlaw failed to get Plaintiff medical help. *Id.*

On June 15, 2024, Defendant Security Director Michael Mayer put Plaintiff in segregation for being a security risk. *Id.* Plaintiff was told to sign a ticket for "disruptive 15 days total." *Id.* Plaintiff maintains there was no need for punishment because Plaintiff was a victim and did not do anything wrong. Plaintiff never got a copy of the ticket and was never a security risk. *Id.*

### 2.3 Analysis

First, the Court finds that Plaintiff does not state an Eighth Amendment claim against any defendants for their deliberate indifference

to his serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

      Here, Plaintiff may be able to state an Eighth Amendment claim; however, he fails to allege facts as to how any defendants were involved in denying him care for a serious medical need. Plaintiff alleges that he sought medical help from Outlaw *after* his nose stopped bleeding. Outlaw told Plaintiff he would have to wait until Monday, which appears to have been the following day. Inmates, like most of the population, wait for medical treatment based on a medical need. As currently alleged, Plaintiff's allegations do not show that he needed immediate medical attention that could not wait one day. Further, it is unclear how, if at all, Outlaw was involved with Plaintiff following the incident in the dayroom. It is unclear

if Plaintiff had any further interaction with Outlaw after his initial request for medical attention. As such, the Court finds that Plaintiff's complaint currently fails to state a deliberate indifference claim against any defendants.

The Court also finds that Plaintiff may not proceed against any defendants for a Fourteenth Amendment claim for a deprivation of liberty without due process. A prisoner challenging the process he was afforded in a prison disciplinary proceeding must meet two requirements: (1) he has a liberty or property interest that the state has interfered with; and (2) the procedures he was afforded upon that deprivation were constitutionally deficient. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (citing *Rowe v. DeBruyn*, 17 F.3d 1047, 1053 (7th Cir. 1994)).

"A prisoner's liberty interest, and incumbent entitlement to procedural due process protections, generally extends only to freedom from deprivations that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prisoner life." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)). In the absence of an "atypical and significant" deprivation, the procedural protections of the Due Process Clause are not triggered. *Id.* Disciplinary segregation can trigger due process protections. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (citations omitted). When making the determination whether an inmate is entitled to such protections, courts analyze "the combined import of the duration of the segregative confinement and the conditions endured by the prisoner during that period." *Id.* If conditions in segregation are significantly harsher than those in the normal prison environment, then a liberty interest may arise even when the duration of the segregation, standing alone, would not

Page 5 of 10
Case 2:24-cv-01373-JPS    Filed 01/03/25    Page 5 of 10    Document 9

trigger such an interest. *Id.* at 697–98. On the one hand, "six months of segregation is 'not such an extreme term' and, standing alone, would not trigger due process rights." *Id.* at 698 (quoting *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995)). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted, and prisoners otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id.* at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty or property interest has been invoked, the Court looks to what process was due. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563–69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

Here, Plaintiff's complaint does not contain facts showing that Defendants interfered with a liberty interest. Plaintiff alleges generally that he was in segregation for fifteen days following the unwarranted conduct report, but he does not elaborate on any of the conditions he experienced
Page 6 of 10
Case 2:24-cv-01373-JPS   Filed 01/03/25   Page 6 of 10   Document 9

during that time. On these facts alone, the Court cannot determine that Plaintiff suffered an atypical and significant deprivation. *See Marion*, 559 F.3d at 698. Accordingly, based on the allegations in Plaintiff's complaint, the Court cannot determine that Plaintiff had a protected liberty interest. As such, Plaintiff may not proceed on a due process claim.

Finally, the Court notes that Plaintiff brings claims against non-state actors that he cannot bring § 1983 claims against. "When a plaintiff brings a section 1983 claim against a defendant who is not a government official or employee, the plaintiff must show that the private entity acted under the color of state law." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Here, no facts suggest that Kirejrcyk, another inmate, was acting under the color of state law. Similarly, Plaintiff cannot bring claims against Racine Correctional Institution because it is not a person for the purposes of § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, [Plaintiff] named a non-suable entity.").

The Court will provide Plaintiff the opportunity to amend his complaint. Plaintiff must amend his complaint on or before **January 24, 2025**. When writing his amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

3. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 3, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepaying the filing fee, ECF No. 7, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before

**January 24, 2025**. If Plaintiff files an amended complaint by the deadline, the Court will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g);

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $344.79 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2025

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>  Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  362 United States Courthouse
>  517 E. Wisconsin Avenue
>  Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.